UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MANSOUR BIN EL-AMIN      ]
    Plaintiff,           ]
                         ]
v.                       ]        No. 3:13-0033
                         ]        Judge Sharp
SHERIFF JOHN SMITH, et al. ]
    Defendants.          ]


# M E M O R A N D U M

The plaintiff, proceeding *pro se*, is an inmate at the Montgomery County Jail in Clarksville, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against John Smith, acting Sheriff of Montgomery County, and five members of the Jail's staff, seeking injunctive relief and damages.

The plaintiff describes himself as a "practicing Muslim". He alleges that the defendants have been discriminating against Muslim inmates at the Jail. More specifically, the plaintiff claims that Muslims are not provided with meals consistent with their religious beliefs and that Muslim clerics are not allowed to conduct services at the Jail.

This action is being brought against the defendants in their official capacities only. Because the plaintiff in an official capacity action seeks damages not from the individually named defendant but from the entity for which the defendant is an agent,

Pusey v. City of Youngstown, 11 F.3d 652,657 (6th Cir.1993), "an official capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159,166 (1985). In essence, then, the plaintiff's claims are against Montgomery County, the municipal entity that operates the Jail. Hafer v. Melo, 502 U.S. 21,25 (1991).

A claim of governmental liability requires a showing that the misconduct complained of came about pursuant to a policy, statement, regulation, decision or custom promulgated by Montgomery County or its agent, the Montgomery County Sheriff's Department. Monell v. New York City Department of Social Services, 98 S.Ct. 2018 (1978). In short, for Montgomery County to be liable under § 1983, there must be a direct causal link between an official policy or custom and the alleged constitutional violation. City of Canton v. Harris, 109 S.Ct. 1197 (1989).

The plaintiff has offered nothing to suggest that his rights were violated pursuant to a policy or regulation of Montgomery County. Consequently, the plaintiff has failed to state a claim against the defendants acting in their official capacities.

In the absence of an actionable claim, the Court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Kevin H. Sharp
United States District Judge